**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: May 15 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 15-30611 |
| | ) | |
| Nancy Annette Raypholtz | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Hon. Mary Ann Whipple |

### ORDER

This case is before the court on the Motion for Refund of Filing Fee filed by the United States Department of Agriculture Rural Housing Services ("Movant"). [Doc. # 12]. The court held a hearing on the motion on April 30, 2015, at which an Attorney for Movant appeared by telephone.

Movant filed a separate motion for relief from stay and abandonment. Counsel electronically paid the $176 filing fee for the motion. 28 U.S.C. § 1930(a)(1) and (b); Bankruptcy Court Miscellaneous Fee Schedule Item 19 (eff. December 1, 2014); *cf.* 28 U.S.C. § 1914(b). Movant now asks to have that filing fee refunded by the Clerk because, as a federal government agency, it asserts that it is excused from payment of certain filing fees. Regardless whether that is the case as to the underlying motion, it does not automatically follow that Movant is entitled to a refund of the fee. Counsel admits that the filing fee was paid by mistake.

Under 28 U.S.C. § 1930(f)(3), bankruptcy courts are permitted to "waive" fees required under the statute on grounds not otherwise specified therein by Congress "in accordance with Judicial Conference policy." The fee statute does not, however, directly address fee refunds. Nor do any of the Federal Rules

of Bankruptcy Procedure. Local Bankruptcy Rule 5080-1(a)[1] addresses filing fee refund procedures, as follows:

> Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.

Under Local Bankruptcy Rule 5080-1, the standard for court authorization to allow the refund of a filing fee is in the alternative: first, if the fee was collected without authority or second, if the fee was collected due to administrative error on the part of the clerk's office. There was no administrative error on the part of the Clerk's office in the payment process with respect to the standard $176 motion filing fee. Counsel admits the fee was paid by mistake. But was it also collected by the Clerk without authority?

The sources to which this court traditionally looks to discern Judicial Conference fee policy, as referenced in the bankruptcy court fee statute, and "authority" within the meaning of Local Rule 5080-1 are two fold: a compilation called the Bankruptcy Fee Compendium and the Bankruptcy Court Miscellaneous Fee Schedule. The Bankruptcy Fee Compendium makes reference to refund policies, as well as policies governing fees charged to government agencies. Until recently, the Bankruptcy Fee Compendium, which this court has previously cited in a number of situations, was a document publically available on this court's website. The Clerk of the United States Bankruptcy Court for the Northern District of Ohio has now removed the Bankruptcy Fee Compendium from the court's website and it is no longer a publically available document. Since it is no longer publically available as a source document for counsel and litigants to review and to understand the court's reasoning, the court has determined that it will no longer cite or look to the Bankruptcy Fee Compendium as authority ro resolve contested fee payment issues. The court will therefore confine itself to the Bankruptcy Court Miscellaneous Fee Schedule to ascertain whether the fee at issue was "collected without authority."[2]

The Bankruptcy Court Miscellaneous Fee Schedule states as follows:

> Federal agencies or programs that are funded from judiciary appropriations (agencies,

---

[1] Local Bankruptcy Rule 5080-1 may be accessed through the court's website under the tab Rules and Procedures, Local Rules.

[2] The Bankruptcy Court Miscellaneous Fee Schedule is published on the United States Courts' website at www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule. It may be accessed through this court's website at a link under the tab Court Info, Filing Fees, Miscellaneous Fee Schedule, Miscellaneous Fee Schedule.

2

organizations, and individuals providing services authorized by the Criminal Justice Act, 18 U.S.C. § 3006A, and bankruptcy administrators) should not be charged any fees under this schedule.

One of the fees under the schedule is the $176 filing fee for certain motions, including motions for relief from stay, at Item 19.

The court finds that Movant is a federal agency within the meaning of this policy. The court further finds that, notwithstanding the admitted mistake of counsel in paying the filing fee, that the $176.00 filing fee for its motion for relief from stay and abandonment was collected by the Clerk without authority. The court bases this finding on Judicial Conference policy as to the authority of the Clerk as it appears from the language of the Bankruptcy Court Miscellaneous Fee Schedule quoted above. Federal agencies are not in this rendering simply excused from paying filing fees, in which case counsel's payment of the fee would simply be a non-refundable mistake. Rather, they "should not be charged" the specified fees by the Clerk, as Movant was.[3]

**THEREFORE,** based on the foregoing reasons and authorities,

**IT IS ORDERED** that Motion for Refund of Filing Fee [Doc. # 12] filed on behalf of the United States Department of Agriculture Rural Housing Services is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court must refund the $176.00 filing fee collected from Attorney Stephen D. Miles on behalf of the United States Department of Agriculture Rural Housing Services agency on account of the Motion for Relief From Stay and Abandonment filed on April 8, 2015, appearing at Doc. #9 of this case record. The $176.00 fee collected by the Clerk without authority must forthwith be refunded to counsel for Movant, Stephen D. Miles, 18 West Monument Avenue, Dayton, Ohio 45402.

# # #

---

[3] This motion would be decided differently if the court were still able to rely upon and publically cite the Bankruptcy Fee Compendium as a source of Judicial Conference policy and the Clerk's authority.